Opinion issued May
10, 2012.



 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-00484-CV

____________

 








CLAUDE ELDRIDGE, IV, INDIVIDUALLY, AND D/B/A PRO
MASTERS COLLISION, Appellant

 

V.

 

PPG INDUSTRIES, INC. D/B/A PPG AUTOMOTIVE REFINISH,
Appellee

 

 

On Appeal from the 270th District Court

Harris County, Texas

Trial Court Cause No. 2010-43925

 




 
 
 
 
 
 
 


 



MEMORANDUM OPINION








Appellant,
Claude Eldridge, IV, Individually, and d/b/a Pro Masters Collision,
attempts to appeal from the trial court’s judgment signed December 14, 2010.  We dismiss for lack of jurisdiction. 

Generally,
a notice of appeal is due within thirty days after the judgment is signed.  See
Tex. R. App. P. 26.1(a).  The deadline to file a notice of appeal is
extended to 90 days after the date the judgment is signed if any party timely
files a motion for new trial, motion to modify the judgment, motion to
reinstate, or, under certain circumstances, a request for findings of fact and
conclusions of law. Id.  We may extend the time to file the
notice of appeal if, within 15 days after the deadline to file the notice of
appeal, the party properly files a motion for extension.  See
Tex. R. App. P. 10.5(b), 26.3.  A motion for extension of time is necessarily
implied when an appellant, acting in good faith, files a notice of appeal
beyond the time allowed by rule 26.1, but within the 15-day extension period
provided by Rule 26.3.  See Tex.
R. App. P. 26.1, 26.3; Verburgt v. Dorner,
959 S.W.2d 615, 617–18 (Tex. 1997).

Because the
trial court signed the final judgment on December 14, 2010, appellant’s notice
of appeal was due by January 13, 2011.  See Tex.
R. App. P. 26.1(a).  Appellant did not file a notice of appeal
until June 1, 2011.  Appellant’s notice
of appeal was untimely filed.  Without a
timely filed notice of appeal, this Court lacks jurisdiction over the appeal. See Tex.
R. App. P. 25.1.

The Court
notified appellant that his appeal was subject to dismissal for want of
jurisdiction unless he filed a response showing grounds for continuing the
appeal.  See Tex. R.
App. P. 42.3(a).  Appellant did not respond. 

Accordingly,
we dismiss the appeal for want of jurisdiction. See Tex. R.
App. P. 42.3(a), 43.2(f).
 We dismiss any other pending motions as moot.  

PER CURIAM

 

Panel consists of Justices Bland, Massengale, and Brown.